ELIAS HASKELL *vs.* INHABITANTS OF WOOLWICH.

*Local actions—wrong venue of, how taken advantage of.*

When an action against a town for damages by reason of a defect in its highway is brought in a county other than that in which the town is situated, advantage of the fact may be taken under the general issue.

ON EXCEPTIONS.

CASE to recover damages for an injury caused on the 17th October, 1866, to the plaintiff's leg by an alleged defect in a highway in the defendant town.

The alleged defect consisted of a guide-board, painted white with black letters upon it, which had fallen from the post, and had been placed upon a hemlock bush, four feet high, near the traveled part of the road.

The plaintiff was and is a resident of Jefferson, in this county, and the town of Woolwich was and is a town in the adjoining county of Sagadahoc.

Plea, general issue.

When the plaintiff had put in his testimony and stopped, the defendants moved that the action be dismissed, upon the ground that it appeared from the plaintiff's evidence that the action is not

brought in the county where the defendant town is situated; but the presiding judge overruled the motion.

The defendants requested the presiding judge to instruct the jury,

That if the evidence satisfied the jury that the place of the alleged injury was at the time of it in the town of Woolwich, in the county of Sagadahoc, and at the time of the commencing of this action was and still is in said county, the action cannot be maintained; but the presiding judge declined to give it.

The verdict was for the plaintiff; whereupon the defendants alleged exceptions.

*Wales Hubbard*, for the defendants.

*Ingalls & Smith*, for the plaintiff.

APPLETON, C. J. This is an action on the case to recover compensation for an injury occasioned by a defect in an highway which the defendant town was bound to keep in repair. The suit is brought in the county of Lincoln. The town of Woolwich is within the county of Sagadahoc.

Actions of this description were transitory at common law. *Titus v. Frankfort*, 15 Maine, 89. They were made local by an act passed in 1849, c. 108. By R. S., 1857, c. 81, § 6, " all actions against towns for damages by reason of defects in highways, shall be brought and tried in the county in which the town is situated." The same provision is found in the revision of 1871, c. 81, § 13.

This action being made local by statute, must be brought in the county of which the town sued constitutes a portion. Being a local action, it was not necessary to plead in abatement. " When an action, local in its nature, is commenced in a wrong county, the defendant," observes Preble, J., in *Hathorne* v. *Haines*, 1 Greenl. 245, " is not obliged to plead the fact in abatement. If the objection appear on the record, he may avail himself of it on demurrer; or, if it do not appear in the record, as in the case at bar, he may avail himself of it on trial under the general issue." The defend-

ant may demur to the declaration when the fact appears of record. *Thrale* v. *Cornwall*, 1 Wils. 165 ; *White* v. *Sanborn*, 6 N. H. 220. So the plaintiff, after the general issue has been pleaded, may be nonsuited. 15 Peterson, 326 Venue. So judgment may be arrested. *Robinson* v. *Mead*, 7 Mass. 353. In accordance with these views are all the decisions of this court. *Blake* v. *Freeman*, 13 Maine, 130 ; *Webb* v. *Goddard*, 46 Maine, 505. Had this been a transitory action, the ruling of the presiding justice would have been correct. But as the law is, this action cannot be " brought and tried " in the county in which it was commenced without directly and clearly violating the statute, which prohibits this being done.

The decision in *Raymond* v. *Lowell*, 6 Cush. 524, rests upon the statutes of Massachusetts, and is not an authority adverse to the conclusions to which we have arrived. *Exceptions sustained.*

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.